## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERMELL SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-21-484-F |
| | ) | |
| FRANK KENDALL, SECRETARY, | ) | |
| U.S. DEPARTMENT OF THE AIR | ) | |
| FORCE, in his official capacity,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Frank Kendall, Secretary of the United States Department of the Air Force (Kendall), moves for dismissal under Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P., or in the alternative, for summary judgment under Rule 56(a), Fed. R. Civ. P.  Doc. no. 9.  Plaintiff Jermell Sherman (Sherman) has responded in opposition to the motion and Kendall has replied.  Doc. nos. 12 and 13.  The matter is at issue.

### I.

Sherman was formerly employed as a Logistics Management Specialist at Tinker Air Force Base in Oklahoma City, Oklahoma.  He brings this action alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*., and the Rehabilitation Act of 1973, 29 U.S.C. § 701,

---

[1] Frank Kendall is substituted as defendant for Honorable Barbara Barrett, former Secretary of the United States Department of the Air Force, pursuant to Rule 25(d), Fed. R. Civ. P.

*et seq.*[2]  Sherman also alleges a claim under Oklahoma law for intentional infliction of emotional distress.

Kendall seeks to dismiss the state law claim under Rule 12(b)(1) on the basis that Sherman fails to plead any waiver of federal sovereign immunity as to that claim.  He also seeks to dismiss the state law claim under Rule 12(b)(6) for failure to state a plausible claim.  Additionally, Kendall seeks to dismiss the federal law claims under Rule 12(b)(6) on the grounds of failure to state a plausible claim of relief and failure to exhaust administrative remedies.  In the alternative, Kendall requests summary judgment in his favor on Sherman's claims.

## II.

At the outset, the court agrees with Kendall that Sherman fails to plead a waiver of federal sovereign immunity with respect to the intentional infliction of emotional distress claim.  Sherman relies upon 28 U.S.C. § 1367 in his pleading.  Doc. no. 1, ¶ 2.  Section 1367, however, does not waive federal sovereign immunity.  *See*, San Juan County, Utah v. U.S., 503 F.3d 1163, 1181 (10th Cir. 2007) (en banc).  Consequently, the court concludes the intentional infliction of emotional distress claim should be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1).[3]

---

[2] In his complaint, Sherman also relies upon 42 U.S.C. § 1981 as a basis for his employment discrimination claims.  A § 1981 claim, however, is foreclosed under established precedent.  *See,* Brown v. General Services Administration, 425 U.S. 820, 835 (1976); Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997).  Any such claim will be dismissed with prejudice under Rule 12(b)(6).

[3] The court notes the Federal Tort Claims Act (FTCA) provides a limited waiver of federal sovereign immunity for certain tort claims.  *See*, United States v. Orleans, 425 U.S. 807, 813 (1976).  However, "Title VII preempts FTCA claims that are based on facts related to the plaintiff's Title VII case."  Mobley v. Donahue, 498 Fed. Appx. 793, 797 (10th Cir. 2012) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  Sherman's intentional infliction of emotional distress claim is based on the same facts as his Title VII claim.  Therefore, even if Sherman relied upon FTCA for a waiver of federal sovereign immunity, the claim, as pled, would be subject to dismissal under Rule 12(b)(6).

III.

With respect to his Title VII claims, Sherman is not required to specifically allege all the elements of a prima facie case of discrimination. *See*, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). Nevertheless, "the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012). "[G]eneral assertions of discrimination . . . without any details whatsoever of events . . . are insufficient to survive a motion to dismiss. While specific facts are not necessary, some facts are." *Id*. at 1193.

"Although Title VII does not explicitly mention hostile work environment, a victim of a racially hostile work environment may nevertheless bring a cause of action under Title VII." Tademy v. Union Pac. Corp., 614 F.3d 1132, 1138 (10th Cir. 2008) (quotation omitted). The elements of a hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on race; and (4) the harassment was sufficiently severe or pervasive that it "'"altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment."'" Lounds v. Lincare, Inc., 812 F.3d 1208, 1222 (10th Cir. 2015) (quoting Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007) (quoting Dick v. Phone Directories Co., 397 F.3d 1256, 1262-63 (10th Cir. 2005)).

While plaintiff alleges that he is a member of a protected group – African-American – and he was subjected to unwelcomed harassment from the Logistics Workforce Manager Specialist who was white, he fails to allege facts sufficient to support his contention that the unwelcome harassment was based on race. "Hostile work environment 'harassment must be racial or stem from racial animus.'" Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 960 (10th Cir. 2012) (quoting Tademy, 614 F.3d at 1139). The complaint provides no facts supporting a

3

reasonable inference that the unwelcome harassment was based on race. Also, Sherman fails to plead facts sufficient to support a reasonable inference that the work environment was "'permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Brown v. LaFerry's LP Gas Co., Inc., 708 Fed Appx. 518, 520 (10th Cir. 2017) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). The court therefore concludes that Sherman fails to allege a plausible hostile work environment claim based upon race. As it is not clear an amendment would be futile, the court will dismiss the Title VII claim without prejudice, with leave to amend.

Sherman also alleges a constructive discharge claim based on a race-based hostile work environment. To state a constructive discharge claim on such basis, Sherman "must allege facts sufficient to show both that a hostile work environment existed and that this environment was 'so intolerable that a reasonable person would have felt compelled to resign.'" Brown, 708 Fed Appx. at 523 (quoting Penn. State Police v. Suders, 542 U.S. 129, 146-47 (2004)). Because Sherman fails to allege facts sufficient to establish a hostile work environment based upon race, the court concludes that he necessarily fails to state a plausible constructive discharge claim. Id. As it is not clear an amendment would be futile, the court will dismiss the Title VII claim without prejudice, with leave to amend.

IV.

As to the Rehabilitation Act hostile work environment claim,[4] the court concludes that Sherman fails to allege a plausible claim. A hostile work environment claim under the Rehabilitation Act requires a plaintiff to show that he is a "'qualified

---

[4] It appears the Tenth Circuit recognizes such a claim. See, Clancy v. Miller, 837 Fed. Appx. 630 (10th Cir. 2020) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

individual with a disability.'" <u>Clancy v. Miller</u>, 837 Fed Appx. 630, 635 (10th Cir. 2020) (quoting 29 U.S.C. § 794(a)). "'When the claim for discrimination is based on actual disability, the plaintiff must show a physical or mental impairment that substantially limits one or more major life activities.'" *Id.* "Major life activities include, for example, brain function, sleeping, reading, concentrating, thinking, communicating, and working." *Id.* (quotation omitted). In the complaint, Sherman fails to allege any facts to reasonably support an inference that he has a physical or mental impairment that substantially limits one or more major life activities.

Further, Sherman fails to plead facts sufficient to reasonably support an inference that the workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently sever or pervasive to alter the conditions of employment and create an abusive working environment." <u>Dye v. Moniz</u>, 672 Fed. Appx. 836, 839 (10th Cir. 2016) (quotation omitted).[5]

Because Sherman fails to allege facts to establish a hostile work environment based upon disability, the court likewise concludes he fails to allege a plausible constructive discharge claim. As it is not clear an amendment would be futile, the court will dismiss the Rehabilitation Act claim without prejudice, with leave to amend.

V.

Based upon the foregoing, Frank Kendall, Secretary of the United States Department of Air Force, is substituted as defendant for Honorable Barbara Barrett, former Secretary of the United States Department of Air Force, pursuant to Rule 25(d), Fed. R. Civ. P.

Secretary Kendall's Motion to Dismiss (doc. no. 9) is **GRANTED** and the alternative Motion for Summary Judgment (doc. no. 9) is **DENIED** as **MOOT**.

---

[5] Unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A).

The intentional infliction of emotional distress claim is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1), Fed. R. Civ. P.

Any claim alleged under 42 U.S.C. § 1981 is **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P.

The Title VII claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P.

The Rehabilitation Act claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff is **GRANTED** leave to file an amended complaint within 14 days from the date of this order to cure the deficiencies of his Title VII and Rehabilitation Act claims.  Failure to comply will result in a judgment dismissing plaintiff's claims in accordance with this order.

IT IS SO ORDERED this 24th day of November, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0484p006.docx