IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERMELL SHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-484-F |
| ) | |
| FRANK KENDALL, SECRETARY, ) | |
| U.S. DEPARTMENT OF THE AIR ) | |
| FORCE, in his official capacity, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff Jermell Sherman (Sherman) was formerly employed as a Logistics Management Specialist at Tinker Air Force Base in Oklahoma City, Oklahoma. He claims he was constructively discharged from his employment. He commenced this action alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq*., and the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 701, *et seq*. Upon motion of defendant Frank Kendall (Kendall), Secretary of the United States Department of the Air Force, the court granted dismissal of the Title VII and Rehabilitation Act claims under Rule 12(b)(6), Fed. R. Civ. P., for failure to state plausible claims. The court, however, granted Sherman leave to amend his complaint with respect to those claims.[1] In accordance with that leave, Sherman filed an amended complaint. Kendall again seeks to dismiss Sherman's Title VII and Rehabilitation Act claims, arguing that the

---

[1] In its order, the court dismissed with prejudice under Rule 12(b)(6), Fed. R. Civ. P., any discrimination claim alleged under 42 U.S.C. § 1981 as foreclosed by precedent and dismissed without prejudice under Rule 12(b)(1), Fed. R. Civ. P., the state law claim of intentional infliction of emotional distress for lack of subject matter jurisdiction.

amended complaint fails to state plausible Title VII and Rehabilitation Act claims. *See*, doc. no. 18.  Kendall also moves for dismissal under Rule 12(b)(6) on the ground that Sherman failed to exhaust his administrative remedies for his claims. *Id*.  In the alternative, Kendall seeks summary judgment under Rule 56(a), Fed. R. Civ. P., on the issue of failure to exhaust administrative remedies.  *Id*.  Sherman opposes dismissal, asserting his amended complaint states plausible Title VII and Rehabilitation Act claims and he timely and properly exhausted his administrative remedies.  *See*, doc. no. 21.  He also opposes summary judgment.  *Id*.  Kendall has replied.  *See*, doc. no. 22.  Upon due consideration of the parties' submissions and applicable law, the court makes its determination.

I.

*Standards*

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted).

In analyzing a Rule 12(b)(6) motion, the court "disregard[s] conclusory statements and [looks] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).

Under Rule 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56, Fed. R. Civ. P.  The court "view[s]

2

all of the facts in the light most favorable to the non-movant and draw[s] all reasonable inferences from the record in favor of the non-moving party." Lounds v. Lincare, Inc., 812 F.3d 1208, 1220 (10th Cir. 2015) (citation and quotation marks omitted). However, the non-movant "must still identify sufficient evidence requiring submission to the jury to survive summary judgment." *Id.* (citation and quotation marks omitted).

## II.

### *Title VII Claims*

Sherman is African American. He alleges that he was subjected to "harassment and a hostile work environment" based upon his race, which "ultimately [led] to his compulsory exit from the workplace." Doc. no. 15, ECF p. 5.

A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). *See*, Khalik, 671 F.3d at 1192. Under McDonnell Douglas, a three-step analysis requires the plaintiff to first prove a prima facie case of discrimination. To avoid dismissal, Sherman is not required to specifically allege all the elements of a prima facie case of discrimination. *See*, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002). Nevertheless, "the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik, 671 F.3d at 1192. Thus, in pleading a Title VII claim, Sherman need not set forth a prima facie case of discrimination that he would need to prove in court, but Sherman must allege facts that make the Title VII claim at least plausible. *See*, Morman v. Campbell County Memorial Hospital, 632 Fed. Appx. 927, 933 (10th Cir. 2015) (unpublished).

To adequately plead that a racially hostile work environment existed, a plaintiff must allege that: (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on race; and (4)

3

the harassment was sufficiently severe or pervasive that it """altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.""" Lounds, 812 F.3d at 1222 (10th Cir. 2015) (quoting Harsco Corp. v. Renner, 475 F.3d 1179, 1186 (10th Cir. 2007) (quoting Dick v. Phone Directories Co., 397 F.3d 1256, 1262-63 (10th Cir. 2005)).

Upon review, the court again concludes that Sherman has failed to allege a plausible race-based hostile work environment claim under Title VII. "Hostile work environment 'harassment must be racial or stem from racial animus.'" Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 960 (10th Cir. 2012) (quoting Tademy v. Union Pacific Corp., 614 F.3d 1132, 1139 (10th Cir. 2008)). Sherman alleges that he was subjected to unwelcome harassment by his trainer while participating in a three-year leadership program. The trainer was white. The amended complaint, however, is devoid of any allegations of racially offensive comments, insults, or jokes directed at Sherman or made to other co-workers by the trainer. It is also devoid of any allegations enabling the court to reasonably infer that the trainer's alleged actions toward Sherman were racially motivated. Further, Sherman must allege facts to show harassment "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Sandoval v. City of Boulder, 388 F.3d 1312, 1327 (10th Cir. 2004) (citation and quotation marks omitted). The facts alleged in the amended complaint, as discussed below, fall short of making a showing of "severe or pervasive" harassment. The court therefore concludes that Sherman fails to allege a plausible hostile work environment claim based upon race.

Sherman also alleges a constructive discharge claim based on a race-based hostile work environment. To state a constructive discharge claim on that basis, Sherman "must allege facts sufficient to show both that a hostile work environment existed and that this environment was 'so intolerable that a reasonable person would

have felt compelled to resign.'" Brown v. LaFerry's LP Gas Co., Inc., 708 Fed Appx. 518, 523 (10th Cir. 2017) (quoting Penn. State Police v. Suders, 542 U.S. 129, 146-47 (2004)). Because Sherman fails to allege facts sufficient to establish a hostile work environment based upon race, the court concludes that he necessarily fails to state a plausible constructive discharge claim under Title VII. Id.

In his briefing, Sherman suggests that he sufficiently pleads a disparate treatment claim under Title VII. To prove a prima facie case of disparate treatment based on race, Sherman must allege: (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. Khalik, 671 F.3d at 1192. Sherman alleges facts to show he is a member of a protected class and qualified for his position. Sherman, however, fails to allege facts to reasonably support an inference of an adverse employment action and fails to allege facts to reasonably support an inference that he was treated less favorably than others not in the protected class. "An '[a]dverse employment action' for purposes of a [Title VII] discrimination claim is limited 'to adverse actions that affect employment or alter the conditions of the workplace.'" Lucas v. Office of Colorado State Public Defender, 705 Fed. Appx. 700, 704 (10th Cir. 2017) (quoting Piercy v. Maketa, 480 F.3d 1192, 1203 (10th Cir. 2007) (quoting Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 62 (2006)). These actions involve a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Id. As discussed, Sherman fails to allege a plausible constructive discharge. And Sherman fails to allege any other facts in the amended complaint which can reasonably be inferred to constitute an adverse employment action. Further, there are no allegations of similarly situated non-African American employees who were

treated differently. The court finds that Sherman fails to allege a plausible Title VII disparate treatment claim.

In sum, the court concludes that dismissal of Sherman's Title VII claims pursuant to Rule 12(b)(6) is appropriate.

### III.

### *Rehabilitation Act Claims*

Sherman also alleges his trainer harassed him and he was subjected to a hostile work environment because of his disability, which ultimately led to his constructive discharge.

A hostile work environment claim under the Rehabilitation Act requires a plaintiff to show that he is a "'qualified individual with a disability.'" Clancy v. Miller, 837 Fed. Appx. 630, 635 (10th Cir. 2020) (quoting 29 U.S.C. § 794(a)), *cert. denied sub nom.*, Clancy v. Austin, 121 S.Ct. 504 (2021). "When the claim is for discrimination based on an actual disability, the plaintiff must show a physical or mental impairment that substantially limits one or more major life activities." *Id.* (citations and quotation marks omitted). "Major life activities include, for example, brain function, sleeping, reading, concentrating, thinking, communicating, and working." *Id.* (citation and quotation marks omitted). Although acknowledging the quoted language from Clancy, Kendall does not specifically challenge whether Sherman advances sufficient factual allegations in the amended complaint to reasonably support an inference that he has a mental impairment that substantially limits one or more major life activities. Instead, Kendall addresses the issue in his reply. The court finds the issue waived. *See*, Reedy v. Werholtz, 660 F.3d 1270, 1274 (10th Cir. 2011) ("The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief.") (citation, internal quotation marks, and brackets omitted).

Kendall argues that Sherman fails to plead a disability hostile work environment claim because he fails to allege facts sufficient to show disability-based discriminatory animus. According to Kendall, Sherman does not allege that his trainer "disclosed his actual disability to coworkers or that she made any specific derogatory remarks directed at him which referenced his disability or leave usage." Doc. no. 18, ECF p. 17.  Rather, he only alleges that his trainer "asked him about his leave usage [a month of unpaid leave] and disclosed to his coworkers that [he] took medical leave." *Id*.  Further, Kendall argues that Sherman fails to advance factual allegations sufficient to establish severe or pervasive harassment. *Id*. at ECF pp. 14-15.

A plaintiff claiming a disability-based hostile work environment "must show that a rational jury could find that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Williams v. FedEx Corp. Servs., 849 F.3d 889, 897 (10th Cir. 2017) (citation and quotation marks omitted).  "General harassment alone is not actionable." *Id*. (citation omitted).  In assessing whether a plaintiff has made the requisite showing, the court considers "'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id*. (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002)).

In the amended complaint, Sherman alleges that he battled depression and anxiety and took a month of unpaid leave for the purpose of seeking extensive treatment and mental health recovery.  He alleges that upon his return from leave, he was subjected to a hostile work environment based on his disability because his trainer

7

- continuously micromanaged him,
- badgered him for six months about how he was able to take unpaid leave and whether he had outside employment and persisted in her inquiries to him and other employees, despite being repeatedly told he did not have outside employment,
- shared the fact that he took a month of medical leave with his peers,
- assigned him, during his second year of training, a futile task of researching a weapons system, knowing that it would be impossible to complete, and she forced him to brief the assignment in front of his training group, humiliating and embarrassing him in front of his team members,
- assigned him, during his third year of training, the task of researching a secret weapons system, knowing he did not have the clearance to do so, and halfway through the assignment, she completely changed the assignment and sent him on a chase for information that did not exist, and
- made him feel like he would face certain discipline for exercising his rights to take medical leave.

Further, he alleges that because of his trainer's actions and inappropriate disclosure of his personal information, his peers ostracized him and treated him differently.

Taken together and viewing the allegations in his favor, the court cannot reasonably infer that Sherman was subjected to hostile work environment based upon his disability. While the allegations show Sherman faced adversity and mistreatment in the workplace, the court cannot say Sherman's workplace atmosphere was "permeated with discriminatory intimidation, ridicule, and insult," Williams, 849 F.3d at 897 (citation and quotation marks omitted). There are no

allegations that the trainer knew or perceived that Sherman battled depression or anxiety. Although she shared with his peers that he was on medical leave for a month, there are no allegations that she informed his peers of his mental health conditions. There are no allegations to reasonably support an inference that the trainer engaged in the alleged behavior and conduct because of Sherman's alleged disability. In any event, the court cannot say the alleged incidents, viewed together and objectively, are sufficient to be deemed "severe." Morris v. City of Colorado Springs, 666 F.3d 654, 666 (10th Cir. 2012). Moreover, they do not constitute the "'steady barrage' of discriminatory conduct necessary to establish pervasiveness." *See*, Throupe v. University of Denver, 988 F.3d 1243, 1255 (10th Cir. 2021) (citing Morris, 666 F.3d at 666). Therefore, the court concludes that Sherman's allegations fail to state a plausible disability-based hostile work environment claim.

Sherman also alleges a constructive discharge claim based on a disability-based hostile work environment. To state a constructive discharge claim on such basis, Sherman "must allege facts sufficient to show both that a hostile work environment existed and that this environment was 'so intolerable that a reasonable person would have felt compelled to resign.'" Brown, 708 Fed Appx. at 523 (quoting Penn. State Police, 542 U.S. at 146-47). Because Sherman fails to allege facts sufficient to establish a hostile work environment based upon disability, the court concludes that he necessarily fails to state a plausible constructive discharge claim under the Rehabilitation Act. *Id.* In any event, the court concludes that Sherman fails to state a plausible constructive discharge claim because the facts alleged do not show conditions that were objectively unbearable. *See*, Brown v. Austin, 13 F.4th 1079, 1093 (10th Cir. 2021).

In his briefing, Sherman argues that his amended complaint meets the standard for a plausible claim of discrimination based on disability. To establish a disparate treatment claim under the Rehabilitation Act, Sherman must allege that he

suffered an adverse employment action because of his disability. Brown, 13 F.4th at 1092. An adverse employment action is one that causes a significant change in employment status or benefits. *Id.* As discussed, Sherman fails to allege a plausible constructive discharge. And Sherman fails to allege any other facts for which the court can reasonably infer he suffered an adverse employment action. Therefore, the court concludes that Sherman fails to allege a plausible disparate treatment claim under the Rehabilitation Act.

In sum, the court finds that dismissal of Sherman's Rehabilitation Act claims pursuant to Rule 12(b)(6) is appropriate.

## IV.

In his briefing, Sherman requests leave to amend his amended complaint. *See*, doc. no. 21, ECF p. 5 ("In the alternative, Plaintiff should be granted leave to amend his Complaint to more specifically plead his allegations."). Courts are supposed to give leave to amend "freely . . . when justice so requires." Rule 15, Fed. R. Civ. P. However, courts may deny leave to amend upon "'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" Warnick v. Cooley, 895 F.3d 746, 755 (10th Cir. 2018) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). In addition, courts may deny leave where a party's request for leave to amend does not rise to the level of a motion for leave to amend. *See*, Calderon v. Kansas Dept. of Social and Rehabilitation Services, 181 F.3d 1180, 1187 (10th Cir. 1999).

The court concludes that leave to amend should be denied. The court previously granted Sherman leave to amend to state plausible Title VII and Rehabilitation Act claims and Sherman failed to cure the deficiencies. In addition, the court concludes that Sherman's single sentence request without a statement of

the grounds for an additional amendment does not rise to the level of a motion for leave to amend.  *See*, Calderon, 181 F.3d at 1187 (10th Cir. 1999).

V.

Given the court's ruling that Sherman fails to state plausible Title VII and Rehabilitation Act claims and dismissal under Rule 12(b)(6) is appropriate, the court need not address Kendall's failure-to-exhaust administrative remedies argument in support of dismissal under Rule 12(b)(6), or alternatively, in support of summary judgment under Rule 56.  The court will deny as moot the Rule 12(b)(6) motion based upon a failure to exhaust administrative remedies.  The court will also deny as moot the alternative motion for summary judgment

VI.

Based upon the foregoing, Secretary Kendall's Motion to Dismiss (doc. no. 18) is **GRANTED** to the extent it seeks to dismiss plaintiff Jermell Sherman's Title VII and Rehabilitation Act claims pursuant to Rule 12(b)(6), Fed. R. Civ. P., based upon a failure to state plausible claims and **DENIED as MOOT** to the extent it seeks to dismiss the Title VII and Rehabilitation Act claims based upon a failure to exhaust administrative remedies.  The alternative Motion for Summary Judgment (doc. no. 18) is **DENIED as MOOT**.

The Title VII and Rehabilitation Act claims are dismissed with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Judgment will be entered separately.

IT IS SO ORDERED this 12th day of April, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0484p009.docx